

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00409-CR

THOMAS DALE BLACKWELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6182, Honorable Stuart Messer, Presiding

April 2, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In January of 2018, appellant, Thomas Dale Blackwell, pleaded guilty to continuous violence against the family, a third-degree felony offense.[1] Pursuant to appellant's plea agreement with the State, the trial court deferred making a finding regarding appellant's guilt and placed him on community supervision for a period of two years. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101 (West 2018).

---

[1] See TEX. PENAL CODE ANN. § 25.11 (West Supp. 2019).

The State filed a motion to proceed with adjudication of appellant's guilt in July of 2018. At the hearing on the State's motion, appellant pleaded true to some, but not all, of the alleged violations of the terms of his community supervision. The trial court found several of the alleged violations true, adjudicated appellant guilty, and sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice. Appellant timely filed notice of appeal.

In this appeal, counsel for appellant has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that she has conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. In a letter to appellant, counsel notified him of her motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[3]

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.